**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-1078 |
| | 23-1082 |
| Plaintiff - Appellee, | 23-1081 |
| v. | D.C. Nos. 3:12-cr-00441-HZ-1 |
| | 3:08-cr-00165-HZ-1 |
| ANDREW LAUD BARNETT, AKA | 3:11-cr-00386-HZ-1 |
| Anthony Andrew Delrossey, | |
| | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Submitted December 12, 2023[**]

Before: WALLACE, LEE, and BUMATAY, Circuit Judges.

In these consolidated appeals, Andrew Laud Barnett appeals from the district

court's judgments and challenges the aggregate sentence imposed upon the second

revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We dismiss in part and affirm in part.

During the pendency of this appeal, Barnett completed his term of imprisonment. Because Barnett is not serving a term of supervised release in Appeal Nos. 23-1082 and 23-1081, these appeals are moot. *See United States v. King*, 891 F.3d 868, 869-70 (9th Cir. 2018).

In Appeal No. 23-1078, Barnett contends that the district court procedurally erred by failing to consider his arguments and adequately explain its sentencing decision. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the 18 U.S.C. § 3583(e) factors and Barnett's arguments for a time-served sentence, and sufficiently explained that the five-month sentence was warranted in light of Barnett's repeated failure to comply with the terms of his supervision despite repeated admonishments by the court. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Moreover, the below-Guidelines sentence is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances, including Barnett's repeated breaches of the court's trust, his history and characteristics, and the need for deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We do not reach Barnett's argument that the district court relied on an impermissible sentencing factor, which he raised for the first time in his reply

brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appeal Nos. 23-1081 and 23-1082 **DISMISSED**;

Appeal No. 23-1078 **AFFIRMED.**